IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT H. HOFFMAN, | ) | |
|           Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-3165-SSA-CV-S-WAK |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) | |
|           Defendant. | ) | |

## ORDER

Claimant Albert H. Hoffman seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on May 16, 2003, due to Crohn's disease. The parties' briefs were fully submitted, and on January 16, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Albert Hoffman was born in 1945. He is 5 feet 9 inches tall and weighs approximately 150 pounds. He worked for his employer for approximately 26 years and was three years from retirement when he stopped working. He testified he last worked in the shipping and receiving department, and he had previous experience as a cut-off lathe operator.

Hoffman states he quit working because of symptoms associated with his Crohn's disease. He indicated he had frequent diarrhea, often more than four or five times a day; stomach cramping; and cramping in his legs and hands. He had stomach discomfort all of the time and generally had to lay down for about 30 to 45 minutes after he ate because of painful

cramping.  When at work, he wasn't always able to make it to the bathroom and would periodically soil himself.  His coworkers often covered for him when he had to be away from his job to use the bathroom, rest, or change clothes.  His coworkers' assistance was not approved by his employer.

Hoffman's abdominal pain affected his ability to sit, stand, walk, bend and stoop.  He used a heating pad for the pain and suffered from fatigue.  His condition often stopped him from going places.  He was prescribed Asacol, but suffered from side effects when he took it.  He had a strong family history of serious Crohn's disease and knew a great deal about the effects and treatments.  Hoffman also saw a physician for kidney stones, but that issue, relevant to this case, was resolved.

The Administrative Law Judge (ALJ) found Hoffman had Crohn's disease with diarrhea and cramping, which was serious within the meaning of the Social Security Act.  He found claimant's allegations of disability, however, not to be credible and determined claimant could do a wide range of medium work, including a return to his former work.  He discounted the medical source statement completed by Dr. Dale and otherwise commented on the lack of support in the medical records for claimant's allegations and Dr. Dale's opinion.  He noted claimant did not frequently seek treatment for his condition, and that no doctor had advised claimant to lay down or limit his activities.

"Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605.

After carefully considering the record as a whole, the court does not find the ALJ's decision to discredit Hoffman's complaints and the opinion of Dr. Dale is supported by substantial evidence.  The records indicate Dr. Dale reviewed claimant's previous medical records, believed claimant was well versed on the disease, discussed his diet with him, prescribed medication, and otherwise arranged for follow-up visits.  The records do not suggest Dr. Dale disbelieved Hoffman's subjective complaints or believed additional testing was

3

required. Further, Hoffman testified that he lived with the discomfort and did not seek additional medical treatment until he had paid off his previous bills.

Claimant had an excellent work history with substantial earnings, was nearing retirement age, and had good benefits and friends when he quit working and moved to Missouri. He considered the finances when he made the move. He was educated about his disease and some of the available treatments. The records do not indicate there was more that could be done for him than was being done, or that additional physician visits would have improved his symptoms and/or limitations. The physician who was treating Hoffman at the time relevant to this application gave his opinion regarding claimant's limitations when he completed the medical source statement. The physician may not have felt a need to document that information in his treatment notes and the ALJ gave too much consideration to what wasn't in the notes, rather than considering the record as a whole.

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000). In this case, there is not substantial evidence on the record as a whole to support the ALJ's conclusion that claimant could return to his former work and perform the requisite physical acts on a day-in-and-day-out basis.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 25th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge